GARY L. JOHNSON [4353]
JENNIFER MASTROROCCO [11206]
RICHARDS BRANDT MILLER NELSON
Attorneys for Plaintiffs
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
E-Mail:  gary-johnson@rbmn.com
         jennifer-mastrorocco@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,  and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation, <br><br>    Plaintiffs, <br><br> vs. <br><br> FEDERAL RECOVERY SERVICES, INC., a Utah corporation, and FEDERAL RECOVERY ACCEPTANCE, INC., a Utah corporation doing business as PARAMOUNT ACCEPTANCE, <br><br>    Defendants. | **COMPLAINT FOR DECLARATORY RELIEF** <br><br> Civil No. 2:14-cv-00170-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Travelers Property Casualty Company of America ("Travelers Property") and

Travelers Casualty Insurance Company of America ("Travelers Casualty") (collectively,

"Travelers"), by and through their counsel of record, Gary L. Johnson and Jennifer Mastrorocco,

RICHARDS BRANDT MILLER NELSON, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the

Federal Rules of Civil Procedure, hereby complain and allege against defendants Federal

Recovery Services, Inc. ("FRS") and Federal Recovery Acceptance, Inc., doing business as

Paramount Acceptance ("FRA") (collectively, "the Paramount Defendants"), and for their causes

of action allege as follows:

<u>INTRODUCTION</u>

1.       This action is filed pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201,

*et seq.*, and Travelers seeks an order from this Court declaring its duties and responsibilities

under contracts of insurance issued by Travelers to the Paramount Defendants.

<u>JURISDICTION</u>

2.       Travelers Property is an insurance company incorporated in the State of

Connecticut, with its principal place of business in Hartford, Connecticut.

3.       Travelers Casualty is an insurance company incorporated in the State of

Connecticut, with its principal place of business in Hartford, Connecticut.

4.       FRS is a Utah corporation doing business in the State of Utah, with its principal

place of business in Salt Lake City, Utah.

5.       FRA is a Utah corporation doing business in the State of Utah, with its principal

place of business in Salt Lake City, Utah.

6.       This matter is based on 28 U.S.C. §§ 1332(a), 2201, and 2202 as this suit prays

for declaratory judgment, is between citizens of different states, and the amount in controversy

exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the contested issues in this case occurred in the District of Utah, the Paramount Defendants are Utah corporations with their principal places of business in the State of Utah, and this case seeks a declaratory judgment concerning certain insurance contracts to be interpreted under Utah law.

## FACTUAL ALLEGATIONS

8.      On October 10, 2012, a complaint was filed against FRA by Global Fitness Holdings LLC, in the United States District Court for the Eastern District of Kentucky, Case No. 5:12-cv-00314 (the "Global action").  The Global action was later transferred to the United States District Court for the District of Utah, Case No. 2:13-cv-00204-DN.

9.      The Global action alleges that the plaintiff owns and operates 36 fitness centers in seven states.  Global entered into an agreement dated September 11, 2009 with FRA.  The agreement required FRA to process membership fee payments for Global members.  Pursuant to this agreement, FRA processed electronic withdrawals for approximately 22% of Global's members and 100% of Global's personal training memberships.

10.     The complaint further alleges that, in or around September 2012, Global entered into an asset purchase agreement with LA Fitness under which LA Fitness would purchase substantially all of the assets of Global.  As part of the agreement, Global agreed to transfer all of its member accounts data to LA Fitness.  Global requested that FRA return all of the member accounts data to Global, as Global did not retain member data such as credit card and bank account information once that information was transmitted to FRA.  Global alleges that FRA

-3-

returned some of the member account data to Global, but withheld certain critical member data, such as bank account and credit card information, until Global provided additional compensation.  Global also alleges that FRA wrongfully withheld membership payments that belonged to Global.

11.     Global also asserts that because FRA did not timely transfer the member accounts data to FRA, the closing of the asset purchase agreement between Global and LA Fitness was delayed, causing the purchase price paid to Global to decrease dramatically.

12.     The complaint in the Global action sets forth claims against FRA under six counts, namely, (1) conversion, (2) tortious interference, (3) injunctive relief, (4) breach of contract, (5) attorneys' fees, and (6) punitive damages.  The prayer for relief seeks a preliminary injunction ordering FRA to transfer all pertinent member accounts data to Global, compensatory damages, attorneys' fees and costs, and punitive damages.

13.     On February 24, 2014, Global filed a motion for leave to amend its complaint to include FRS as a defendant, as well as FRA.  The proposed amended complaint asserts counts for (1) tortious interference, (2) promissory estoppel, (3) conversion, (4) breach of contract, (5) breach of the covenant of good faith and fair dealing, (6) attorneys' fees, and (7) punitive damages.

14.     On or about May 29, 2013, FRA provided Travelers with notice of the Global action and tendered its defense and indemnity.  After reviewing the Global complaint and information provided by FRA, Travelers advised FRA that it could not agree to defend or

-4-

indemnify FRA, because the claims asserted in the Global action do not fall within the scope of the insurance policies issued by Travelers.

15.     The allegations in the proposed amended complaint in the Global action also do not fall within the scope of the insurance policies issued by Travelers.

<u>**CONTRACTS OF INSURANCE**</u>

16.     Travelers Property issued policy no. TT 06307323, with a policy period from December 30, 2011 to December 30, 2012, pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein ("the Errors and Omissions policy"). Both FRA and FRS were named insureds under the Errors and Omissions policy. The coverage provided by the Errors and Omissions policy includes CyberFirst Technology Errors and Omissions Liability coverage.

17.     The CyberFirst Technology Errors and Omissions Liability coverage in the Travelers Property policy provides in part:

> **SECTION I – ERRORS AND OMISSIONS LIABILITY COVERAGE**
>
> **1.     Insuring Agreement**
>
> > **a.**     We will pay those sums that the insured must pay as "damages" because of loss to which this insurance applies. The amount we will pay for "damages" is limited as described in Section III – Limits of Insurance in your CyberFirst General Provisions form.
> >
> > **b.**     This insurance applies to loss only if:
> >
> > > **(1)**     The loss arises out of "your product" provided to others or "your work" provided or performed for others;

    **(2)**    The loss is caused by an "errors and omissions wrongful act" committed in the "coverage territory";

    **(3)**    The "errors and omissions wrongful act" was not committed before the Errors and Omissions Retroactive Date shown in the CyberFirst Declarations or after the end of the policy period; and

    **(4)**    A claim or "suit" by a person or organization that seeks "damages" because of the loss is first made or brought against any insured … during the policy period and first reported to us … during the policy period or during the Basic Extended Reporting Period …

\* \* \*

18.    The CyberFirst Technology Errors and Omissions Liability coverage contains the following pertinent definitions:

"Damages" means:

    **a.**    Sums any insured is legally obligated to pay as compensatory damages imposed by law; or

    **b.**    Sums any insured must pay as consequential damages for the breach of a contract or agreement to provide "your product" to others or to provide or perform "your work" for others.

"Errors and omissions wrongful act" means any error, omission or negligent act arising out of your "technology products or services".

\* \* \*

"Technology products or services" means any computer or electronic information technology product provided to others or service provided or performed for others, including:

-6-

**a.**     System, network, communications or web-site analysis, design, consulting, programming, installation, integration or related services;

**b.**     Software development, installation, distribution, licensing or maintenance;

**c.**     Technical training, staffing, maintenance, repair or support services;

**d.**     Electronic or computer equipment, hardware, components or peripherals manufactured, distributed, licensed, marketed or sold to others;

**e.**     Electronic processing, storage, transmission or other handling of data; or

**f.**     Hosting, managing or administering computer systems, network or facilities.

*   *   *

"Your product":

**a.**     Means:

    **(1)**     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(i)**     You;

*   *   *

 "Your product":

**a.**     Means:

    **(1)**     Work or services performed by you or on your behalf; and

    **(2)**     Materials, parts or equipment furnished in connection with such work or services.

**b.**     Includes:

-7-

      **(1)**      Warranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of such work or services; and

      **(2)**      The providing of, or failure to provide warnings or instructions.

*   *   *

19.    Travelers Casualty issued policy no. I-680-8990C463-ACJ-11 with a policy period December 13, 2011 to December 13, 2012, pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein ("the General Liability policy"). FRA is the only named insured under the General Liability policy.

20.    The General Liability policy contains the following insuring agreement relating to Bodily Injury and Property Damage Liability Coverage (Coverage A):

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**    **Insuring Agreement**

    **a**.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  …

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

      **(1)**      The "bodily injury" or "property" damage is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)**      The "bodily injury" or "property damage" occurs during the policy period;

-8-

* * *

21.    The General Liability policy defines certain terms and phrases which appear in

quotation marks as follows:

**SECTION V – DEFINITIONS**

* * *

"Bodily injury" [*as amended by form CG D4 09 04 08), Amendment of Definition*] means:

a.    Physical harm, including sickness or disease, sustained by a person; or

b.    Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.

* * *

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" [*as amended by form CG D4 19 07 08), Amendment of Property Damage Definition*] means:

a.    Physical damage to tangible property of others, including all resulting loss of use of that property.  All such loss of use will be deemed to occur at the time of the physical damage that causes it; or

b.    Loss of use of tangible property of others that is not physically damaged.  All such loss of use will be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, data, including information, facts or programs in any electronic or other format, is not tangible property.

* * *

22.     The General Liability policy includes certain terms and conditions pertaining to

Coverage B – Personal and Advertising Injury Liability.  The policy states in part:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …

\* \* \*

**b.**     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

23.     Pursuant to the "Amendment Of Coverage B" endorsement, the term "personal

and advertising injury" means "personal injury" or "advertising injury."  The Amendment Of

Coverage B endorsement defines "personal injury" in part as follows:

"Personal injury":

**a.**     Means injury, other than "advertising injury", caused by one or more of the following offenses:

**(1)**     False arrest, detention or imprisonment;

**(2)**     Malicious prosecution;

**(3)**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room,

-10-

dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

**(4)**     Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the or "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged; and

**(5)**     Oral or written publication, including publication by electronic means, of material that:

**(a)**     Appropriates a person's name, voice, photograph or likeness;

**(b)**     Unreasonably places a person in a false light; or

**(c)**     Discloses information about a person's private life.

* * *

24.     The Amendment Of Coverage B endorsement defines "advertising injury" as follows:

"Advertising injury":

**a.**     Means injury, other than "personal injury", caused by one or more of the following offenses:

**(1)**     Oral or written publication, including publication by electronic means, of material in your "advertisement" that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered

or libeled, or that claims to have had its goods, products or services disparaged;

**(2)** Oral or written publication, including publication by electronic means, of material in your "advertisement" that:

    **(a)** Appropriates a person's name, voice, photograph or likeness;

    **(b)** Unreasonably places a person in a false light; or

    **(c)** Discloses information about a person's private life; or

**(3)** Infringement of copyright, "title" or "slogan" in your "advertisement", provided that the claim is made or the "suit" is brought by a person or organization that claims ownership of such copyright, "title" or "slogan".

\* \* \*

25. However, the General Liability policy includes form CG D2 45 10 02, Exclusion – Personal and Advertising Injury, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part or any endorsement thereto apply.

\* \* \*

### FIRST CAUSE OF ACTION

### (TRAVELERS PROPERTY HAS NO DUTY UNDER THE ERRORS AND OMISSIONS POLICY TO DEFEND OR INDEMNIFY THE PARAMOUNT DEFENDANTS)

26. Travelers incorporates by reference the allegations contained in the paragraphs above.

27.     An actual controversy has arisen and now exists between Travelers Property, on the one hand, and the Paramount Defendants, on the other hand, concerning their respective rights and duties under the Errors and Omissions policy.

28.     Travelers Property contends it has no duty under the Errors and Omissions policy to defend or indemnify the Paramount Defendants in the Global action because, among other reasons, the Global action does not seek damages because of loss caused by an "errors or omissions wrongful act" within the meaning of the Errors and Omissions policy.

29.     Travelers Property is informed and believes that the Paramount Defendants contend that Travelers Property is obligated under the Errors and Omissions policy to provide them with a defense and indemnity for the Global action.

30.     Travelers Property desires a judicial determination of its rights and duties under the Errors and Omissions policy, if any, with respect to defense or indemnity of the Paramount Defendants in the Global action.

31.     A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Travelers Property has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that Travelers Property has no duty under the Errors and Omissions policy to defend or indemnify the Paramount Defendants against the claims asserted in the Global action.

## SECOND CAUSE OF ACTION

**(TRAVELERS CASUALTY HAS NO DUTY UNDER THE GENERAL LIABILITY
POLICY TO DEFEND OR INDEMNIFY THE PARAMOUNT DEFENDANTS)**

32.     Travelers incorporates by reference the allegations contained in the paragraphs above.

33.     An actual controversy has arisen and now exists between Travelers Casualty, on the one hand, and the Paramount Defendants, on the other hand, concerning their respective rights and duties under the General Liability policy.

34.     Travelers Property contends it has no duty under the General Liability policy to defend or indemnify the Paramount Defendants in the Global action because, among other reasons, (1) the Global action does not seek damages because of "bodily injury" or "property damage" within the meaning of the General Liability policy; (2) the Global action does not seek damages because of "personal injury" or "advertising injury" within the meaning of the General Liability policy; and (3) Coverage B – Personal and Advertising Injury Liability does not apply to the General Liability policy.

35.     Travelers Property is informed and believes that the Paramount Defendants contend Travelers Property is obligated under the General Liability policy to provide them with a defense and indemnity for the Global action.

36.     Travelers Property desires a judicial determination of its rights and duties under the General Liability policy, if any, with respect to defense or indemnity of the Paramount Defendants in the Global action.

37.     A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Travelers Property has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that Travelers Property has no duty under the General Liability policy to defend or indemnify the Paramount Defendants against the claims asserted in the Global action.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs Travelers Property Casualty Company of America and Travelers Casualty Insurance Company of America pray for judgment against defendants as follows:

1.      For the first cause of action, judgment by the Court that, by reason of the terms, conditions, exclusions and limitations of the Errors and Omissions policy, Travelers Property has no duty to defend or indemnify Federal Recovery Services, Inc. or Federal Recovery Acceptance, Inc., doing business as Paramount Acceptance, against the claims asserted in the Global action;

2.      For the second cause of action, judgment by the Court that, by reason of the terms, conditions, exclusions and limitations of the General Liability policy, Travelers Casualty has no duty to defend or indemnify Federal Recovery Services, Inc. or Federal Recovery Acceptance, Inc., doing business as Paramount Acceptance, against the claims asserted in the Global action;

3.      On all causes of action, for costs incurred herein; and

4.      For such other and further relief as the Court deems just and proper.

DATED this 7th day of March, 2014.

RICHARDS BRANDT MILLER NELSON


____/s/  Gary L. Johnson_____
Gary L. Johnson
Jennifer Mastrorocco
*Attorneys for Plaintiffs*