IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>                 Plaintiffs,<br><br>v.<br><br>FEDERAL RECOVERY SERVICES, INC., a Utah corporation, and FEDERAL RECOVERY ACCEPTANCE, INC., a Utah corporation doing business as PARAMOUNT ACCEPTANCE,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br>Case No. 2:14-CV-170 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. Defendants seek a determination that Plaintiff Travelers Property Casualty Company of America ("Travelers") owes them a duty to defend. For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

Federal Recovery Services, Inc. ("FRS") and Federal Recovery Acceptance, Inc. ("FRA") dba Paramount Acceptance ("Paramount") (collectively, "Defendants") are in the business of providing processing, storage, transmission, and other handling of electronic data for its customers.  Travelers issued a CyberFirst Policy to Defendants and Defendants are the named insureds under the Policy.

The Policy provides that Travelers "will have the right and duty to defend the insured against any claim or 'suit' seeking damages for loss to which the insurance provided under one or more of 'your cyber liability forms' applies."[1]  However, Travelers has "no duty to defend the insured against any claim or 'suit' seeking damages for loss to which the insurance provided under 'your cyber liability coverage forms' does not apply."[2]

The "cyber liability coverage forms" under the Policy include a Network and Information Security Liability Form and a Technology Errors and Omissions Liability Form.[3]  The Technology Errors and Omissions Liability Form states:

> **SECTION I – ERRORS AND OMISSIONS LIABILITY COVERAGE**
> **1.      Insuring Agreement**
> **a.**      We will pay those sums that the insured must pay as "damages" because of loss to which this insurance applies.  The amount we will pay for "damages" is limited as described in Section **III**- Limits Of Insurance in your CyberFirst General Provisions Form.
> **b.**      This insurance applies to loss only if:
> **(1)** The loss arises out of "your product" provided to others or "your work" provided or performed for others;
> **(2)** The loss is caused by an "errors and omissions wrongful act" committed in the "coverage territory";
> **(3)** The "errors and omissions wrongful act" was not committed before the Errors and Omissions Retroactive Date shown in the CyberFirst Declarations or after the end of the policy period; and
> **(4)** A claim or "suit" by a person or organization that seeks "damages" because of the loss is first made or brought against any insured . . . .[4]

---

[1] Docket No. 28 Ex. B, CyberFirst General Provisions Form, Section I,1.a, at bates number PRMT000923.

[2] *Id.*

[3] *Id.*, CyberFirst Declarations, ¶ 2, at bates number PRMT000904.

[4] *Id.*, CyberFirst Technology Errors and Omissions Liability Coverage Form, Section I, at bates number PRMT000923.

The Policy states that "'[e]rrors and omissions wrongful act' means any error, omission or negligent act."[5]

On October 10, 2012, Global Fitness Holdings, LLC ("Global Fitness") brought suit against FRA.  The following allegations are contained in the Complaint filed by Global Fitness.

Global Fitness owns and operates fitness centers in several states.  As part of its operations, Global Fitness had numerous members.  Those members would provide either credit card or bank account information through which Global Fitness could bill the members ("Member Accounts Data.").

Global Fitness entered into a Servicing Retail Installment Agreement with FRA that required FRA to process the Member Accounts and transfer the members' fees to Global Fitness.

> Global Fitness obtained billing information from its members.  Global Fitness then uploaded its Member Accounts Data to [FRA's] encrypted website, including credit card, checking account and/or savings account information that the member selected to be charged each month for membership with Global Fitness.  For security purposes, the only copy of the Member Accounts Data was retained by [FRA] on behalf of Global Fitness.  [FRA] would process or electronically withdraw the necessary funds from the Member Accounts and transfer those funds, following [FRA's] deduction of its fee, to Global Fitness.[6]

Global Fitness entered into an Asset Purchase Agreement ("APA") with L.A. Fitness.  As part of the APA, Global Fitness agreed to transfer all of its Member Accounts Data to L.A. Fitness.  Global Fitness informed FRA of the APA and the need to return the Member Accounts Data back to Global Fitness.  FRA indicated that it would cooperate with the transfer of the Member Accounts Data.  FRA produced the Member Accounts Data, but the data was missing

---

[5] *Id.*, CyberFirst Technology Errors and Omissions Liability Coverage Form, Section II,3, at bates number PRMT000926.

[6] *Id.* Ex. C, ¶ 10.

several critical pieces of the information requested.  After additional communications, FRA again produced the data in an alternative format that included the majority of the missing pieces of the Member Accounts Data.

Following this, FRA had provided all of the Member Accounts Data except the credit card, checking account, and savings account information.  Global Fitness requested this information be returned at a date closer to the closing date with L.A. Fitness.  On October 3, 2012, Global Fitness requested that FRA transfer the billing information back to Global Fitness. The information was not produced.  "Rather, FRA withheld the Member Accounts Data until Global Fitness satisfied several vague demands for significant compensation."[7] "Additionally, [FRA] refused to transfer funds it received in servicing the Member Accounts for the past week until all matters were resolved."[8]

Global Fitness asserted claims against FRA for conversion, tortious interference, and breach of contract.  Global Fitness sought injunctive relief, punitive damages, and attorney fees.

Global Fitness filed an Amended Complaint on March 19, 2014, adding FRS as a defendant and adding various factual allegations.  Relevant here, Global Fitness alleged that "Paramount and/or FRSI withheld the Billing Data unless and until Global Fitness satisfied several demands for significant compensation above and beyond what were provided in the Agreement."[9]  In addition, Global Fitness alleged that "Paramount and/or FRSI retained possession of Member Accounts Data, including the Billing Data, which was the property of

---

[7] *Id.* ¶ 24.

[8] *Id.* ¶ 25.

[9] *Id.* Ex. G, ¶ 28.

Global Fitness and was only provided to Paramount pursuant to the terms of the Agreement."[10]
"Paramount and/or FRSI willfully interfered with Global Fitness's property and refused to return
Global Fitness's property without cause or justification."[11]  "Paramount and/or FRSI's actions
deprived Global Fitness of the use of its Member Accounts Data and its monies and threatened
its ability to comply with its obligations under the APA with L.A. Fitness."[12]  "As a result of the
delay caused by Paramount and FRSI's actions, the purchase price of the APA decreased
dramatically."[13]  "Paramount and/or FRSI's actions knowingly harmed Global Fitness's rights
under the APA with L.A. Fitness thereby causing Global Fitness irreparable harm and loss."[14]

Global Fitness brought claims against Defendants for tortious interference, promissory
estoppel, conversion, breach of contract, and breach of the implied covenant of good faith and
fair dealing.  Global Fitness sought attorney fees and punitive damages.

Defendants tendered defense of the action brought by Global Fitness to Travelers.  On
May 22, 2013, Defendants provided formal written notice of its tender of the defense to
Travelers.  On March 7, 2014, Plaintiffs filed the instant action for declaratory relief.

On April 10, 2014, Defendants again tendered defense of the Global Fitness action to
Travelers.  On April 23, 2014, Travelers accepted the tender of defense from the date that Global
Fitness filed its Amended Complaint.  However, Travelers did so under a full and complete
reservation of rights, including the right to seek a judicial declaration as to its rights and

---

[10] *Id.* ¶ 30.

[11] *Id.* ¶ 33.

[12] *Id.* ¶ 34.

[13] *Id.* ¶ 36.

[14] *Id.* ¶ 37.

obligations under the Policy.  On April 25, 2014, Plaintiffs filed their Amended Complaint in this action.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[16]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[17]

## III.  DISCUSSION

"The duty to defend is broader than the duty to indemnify, but the insurer's obligation is not unlimited . . . ."[18]  The Utah Supreme Court has explained that "the duty to defend is measured by the nature and kinds or risks covered by the policy and arises whenever the insurer ascertains facts which give rise to the potential of liability under the policy."[19]  "[A]n insurer has a duty to defend 'when the insurer ascertains facts giving rise to potential liability under the

---

[15] Fed. R. Civ. P. 56(a).

[16] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[17] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[18] *Deseret Fed. Sav. & Loan Ass'n v. U.S. Fid. & Guar. Co.*, 714 P.2d 1143, 1146 (Utah 1986).

[19] *Id.*

insurance policy.'"[20]  Conversely, when the allegations, if proven, show "there is no potential liability, there is no duty to defend."[21]  As a general rule, "an insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint."[22]  "If the language found within the collective 'eight corners' of these documents clearly and unambiguously indicates that a duty to defend does or does not exist, the analysis is complete."[23]

The issue before the Court is whether the Global Fitness action triggered Travelers' duty to defend under the Technology Errors and Omissions Liability Form.  As set forth above, coverage is provided if the loss is caused by an "errors and omissions wrongful act."  "Errors and omissions wrongful act" is defined as "any error, omission or negligent act."  Travelers argues that it "does not have a duty to defend FRA or FRS against the original or amended complaints in the *Global* action because Global does not allege damages from an 'error, omission or negligent act."[24]  Defendants, on the other hand, argue that "Travelers refusal to defend [Defendants] is based upon its improper inference and assumption about [Defendants'] intent to injure and ignores the potential that [Defendants] may be found liable for an error, omission or negligent act relating to the holding, transferring or storing of data."[25]  In particular, Defendants

---

[20] *Basic Research, LLC v. Admiral Ins. Co.*, 297 P.3d 578, 580 (Utah 2013) (quoting *Sharon Steel Corp. v. Aetna Cas. & Sur. Co.*, 931 P.2d 127, 133 (Utah 1997)).

[21] *Deseret Fed. Sav. & Loan Ass'n*, 714 P.2d at 1147.

[22] *Fire Ins. Exch. v. Estate of Therkelsen*, 27 P.3d 555, 560 (Utah 2001) (quotation marks and citation omitted).

[23] *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 266 P.3d 733, 737 (Utah 2011).

[24] Docket No. 35, at 24.

[25] Docket No. 39, at 3.

argue that "Global's claims that [Defendants] 'withheld' the data is broad enough to encompass possible error, omission or negligent act by [Defendants]."[26]

Defendants' argument does not withstand scrutiny.  As set forth above, the Court must compare the policy language to the allegations in Global's Complaint and Amended Complaint. While the policy covers errors, omissions, and negligent acts, Global's claims against Defendants allege far different justifications for the data to be withheld.  Global does not allege that Defendants withheld the data because of an error, omission, or negligence.  Global alleges that Defendants knowingly withheld this information and refused to turn it over until Global met certain demands.  Defendants allegedly did so despite repeated requests from Global to provide the data.  Instead of alleging errors, omissions, or negligence, Global alleges knowledge,[27] willfulness,[28] and malice.[29]

Defendants argue that Travelers' duty to defend remains until any uncertainty as to coverage has been resolved.  While this is a correct statement, the Global action provides no such uncertainty.  To trigger Travelers' duty to defend, there must be allegations in the Global action that sound in negligence.  As discussed above, there are no such allegations.  Further, this is not a situation, like the one found in *Benjamin v. Amica Mutual Insurance Co.*,[30] which would occur if Global had pleaded alternative causes of action, some of which would trigger the duty to

---

[26] *Id.* at 4.

[27] Docket No. 28 Ex. G ¶¶ 37, 44, 56, 59.

[28] *Id.* ¶¶ 33, 45, 56, 60.

[29] *Id.* ¶ 80.

[30] 140 P.3d 1210 (Utah 2006).

defend.[31]  Rather, none of Global's allegations involve errors, omissions, or negligence.

Therefore, Travelers has no duty to defend.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Summary Judgment (Docket No. 28) is

DENIED.

DATED this 11th day of May, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[31] *Id.* at 1214–15.