IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation,,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL RECOVERY SERVICES, INC., a Utah corporation, and FEDERAL RECOVERY ACCEPTANCE, INC., a Utah corporation doing business as PARAMOUNT ACCEPTANCE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE APPLICATION FOR TRAVELERS' MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS<br><br><br>Case No. 2:14-CV-170 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs Travelers Property Casualty Company of America and Travelers Casualty Insurance Company of America's (collectively, "Travelers") Ex Parte Motion for Leave to Designate Expert Witness.[1] Having failed to timely designate an expert witness regarding the issue of the implied covenant of good faith and fair dealing, Travelers now seek leaves from the Court to designate a claim handling expert. The Court will deny Travelers' Ex Parte Motion.

---

[1] The Court is discouraged that Plaintiffs would file this Motion ex parte. Though Travelers explains that it has filed this Motion ex parte pursuant to the fast approaching trial date, this is a transparent attempt to avoid a response from the opposing party. Had the Court not found this Motion meritless, the Court would have permitted a response from Defendants.

1

I.  BACKGROUND

In May of 2014, Defendants filed a Counterclaim against Travelers and included as its second cause of action breach of the implied covenant of good faith and fair dealing.  Under the Court's Scheduling Order, which set the deadline to designate expert witnesses on June 22, 2015, Travelers had over a year after the filing of the Counterclaim to designate expert witnesses in its defense.  On January 12, 2016, the Court issued a ruling allowing Defendants' counterclaim for breach of the implied covenant of good faith and fair dealing to survive summary judgment.[2]  Travelers now seeks to designate an expert witness seven months after the deadline has passed and just weeks before trial.

II.  DISCUSSION

Rule 37(c)(1) provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The determination of whether a Rule 26(a) violation is substantially justified or harmless is within the broad discretion of the district court.[3]  "Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[4]

---

[2] Docket No. 12.

[3] *Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 2003).

[4] *Id.*

2

In considering these factors, the Court finds that Defendants will be prejudiced if Plaintiffs are permitted to designate an expert on this late date.  Trial is just weeks away and it is not reasonable to believe that Defendants will not suffer prejudice, as argued by Plaintiffs.  Given the fast approaching trial date, this prejudice may not be easily cured without disrupting the current trial date.

The Court also finds that Travelers has acted in bad faith or at least willfully chose not to designate an expert on claim handling.  Travelers argues that it is simply responding to the Court's Order on summary judgment.  However, in that ruling, the Court did not create a new claim for which Travelers would not have been on notice to defend.  As set forth above, Travelers knew of this claim since at least May 2014.

Travelers presents no reason for its failure to timely designate an expert regarding the issue of the breach of the implied covenant of good faith and fair dealing.  Travelers made a tactical decision not to designate an expert and must live with that decision.  The deadline to designate an expert witness has long passed and the Court will not allow Travelers to designate its expert.

III.  CONCLUSION

It is therefore

ORDERED that Travelers' Ex Parte Motion to Designate Expert Witness (Docket No. 72) is DENIED.

DATED this 27th day of January, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge